Dear Mr. DiMarco:
This office is in receipt of your request for an opinion of the Attorney General in regard to establishment of a branch office for the Registrar of Voters. You intend, with the Jefferson Parish Council's approval, to change the Grand Isle branch office to a permanent branch office. You state it is your opinion that R.S. 18:133(C) supersedes R.S. 18:133.1 and allows the Council to give the Grand Isle office permanent office status. However, you seek an opinion of this office to verify the correctness of the conclusion that R.S. 18:133(C) allows the Council by ordinance to give the Registrar of Voters' office at Grand Isle permanent office status.
Pertinent to your inquiry are the following statutory provisions:
 R.S. 18:133, Branch offices; mobile registration units; mandatory registration drives
 A. All branch offices, whether temporary or permanent, shall be located in permanent buildings, except mobile registration units.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 C. In addition to the offices continued in Subsection B of this Section, the registrar of each parish, with prior approval and at the expense of the parish governing authority, may provide permanent branch offices at sites selected by, and operated by the registrar.
 D. In addition to the offices required or authorized by this Section, the registrar of each parish, with prior approval of the parish governing authority, may establish, maintain and operate additional temporary branch offices for the registration of voters. The location of these offices shall be determined by the registrar.
 R.S. 18:133.1, Temporary branch office; deputy registrar: appointment, compensation.
 Notwithstanding any other provisions of this Chapter, the registrar of voters of Jefferson Parish shall establish a temporary branch office or offices at Grand Isle at such location or locations as he deems appropriate which shall be open for business during the hours and on the days that he deems that activity justifies it. The registrar shall appoint a citizen of the town of Grand Isle on a temporary year-to-year basis to act as a deputy registrar and shall fix his compensation. The compensation so fixed shall be approved by the parish governing authority and shall be paid from funds appropriated by the parish governing authority.
While it appears to us that a permanent branch office in Grand Isle would be reasonable, we must conclude that R.S. 18:133.1 must prevail wherein it mandates establishment of a temporary branch at Grand Isle, and find support for this conclusion in the language of the statute, opinions of this office and the jurisprudence with regard to interpretation of statutes on the same subject.
In interpreting the provisions of the statutes in question as it applies to your question, we find it significant that R.S. 18:133.1, by the word "shall", mandates the registrar of voters of Jefferson Parish to establish a "temporary" branch office at Grand Isle, and that the statute is specifically directed only to Grand Isle. In this regard this office has recognized in accordance with the jurisprudence, that the more specific law must prevail as an exception to the statute that is more general in character. Atty. Gen. Op. Nos. 99-245, 99-228, 98-384.
Moreover, we note that R.S. 18:133.1 in providing for a temporary branch office at Grand Isle, commences with the provision that "notwithstanding any other provisions of this Chapter", the registrar shall establish the temporary branch office at Grand Isle, and appoint a citizen of the town as a deputy registrar.
Consistent with the rule that a statute which specifically addresses the matter at issue must prevail, and the very wording of the statute that it apply notwithstanding other provisions of the Chapter, we must conclude that R.S. 18:133.1 cannot be considered repealed by implication. This office has repeatedly stated repeal of a statute by implication is not favored.
Moreover, we find that in Act 697 of 1976, amending and reenacting the entirety of Title 18, provided in R.S. 18:133(C) exactly as stated at the present that "the registrar of each parish, with prior approval and at the expense of the parish governing authority, may provide permanent branch offices at sites selected by, and operated by the registrar." Finding that R.S. 18:133.1 was enacted in 1978. it does not follow that it was superseded by R.S. 18:133(C). Further, the Title to Act 721 of 1978 states it was to amend Title 18 by adding a new section, 18:133.1 to provide for a temporary voter registrar branch office in Grand Isle, and for a deputy registrar of voters despite the provision the registrar could provide a permanent branch office at selected sites.
Therefore, without legislative action, we do not believe you can change the designation of the Grand Isle branch office to a permanent branch rather than that as designated in R.S. 18:133.1 of temporary voter registrar branch office.
We hope this sufficiently responds to your inquiry.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Received: November 14, 2001
Date Released: December 17, 2001